FILED

DEC 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRES MOLINA-ZAVALA, | No. 20-73191; 21-274 |
| Petitioner, | Agency No. A095-734-430 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2024[**]
Pasadena, California

Before: BYBEE, IKUTA, and BADE, Circuit Judges.

Andres Molina-Zavala, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' (BIA) decision affirming without

opinion the immigration judge's (IJ) denial of his motion to reopen removal

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

proceedings to seek recission of an April 2008 in absentia removal order. In a companion case, Molina-Zavala petitions for review of the BIA's order denying his motion to reconsider its denial of his motion to reopen. We have jurisdiction under 8 U.S.C. §§ 1252(a)(1) and (b)(6), and we deny the petitions for review.

The agency did not abuse its discretion or violate due process by denying Molina-Zavala's motion to reopen based on lack of notice because there is proof of attempted delivery of a notice of hearing to the last address provided by Molina-Zavala in accordance with 8 U.S.C. § 1229(a)(F)(1)(i).[1] *See id.* § 1229(c); *United States v. Rivera-Valdes*, 105 F.4th 1118, 1122–23 (9th Cir. 2024). The BIA did not err in affirming the decision below without opinion because we can adequately determine its reasons for denying Molina-Zavala relief. *See Lanza v. Ashcroft*, 389 F.3d 917, 927 (9th Cir. 2004). We lack jurisdiction over the BIA's decision to reject Molina-Zavala's opening brief because the regulations granting the BIA the discretion to do so, 8 C.F.R. §§ 1003.3(a)(3), 1292.1(f), leave the court with "no meaningful standard against which to judge the agency's exercise of

---

[1] We do not consider any contention that the notice was mailed to an incorrect address because it is waived. Molina-Zavala does not challenge the IJ's finding that the notice of hearing was mailed to the last address that Molina-Zavala provided. Any claim that the notice was not mailed to the correct address is unsupported by citations to the record. We review only issues which are argued specifically and distinctly in a party's opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

2

discretion." *Perez Perez v. Wolf*, 943 F.3d 853, 860 (9th Cir. 2019) (quoting *Pinnacle Armor, Inc. v. United States*, 648 F.3d 708, 719 (9th Cir. 2011)); *see also* 5 U.S.C. § 701(a)(2); *Heckler v. Chaney*, 470 U.S. 821, 830 (1985).  Because Molina-Zavala failed to establish error or prejudice in the agency's denial of reopening, there was no due process violation.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000).

Nor did the BIA err in denying Molina Zavala's motion to reconsider the denial of his motion to reopen.  The BIA did not abuse its discretion in denying his motion to reconsider as a number-barred motion to reopen because Molina-Zavala submitted new facts and evidentiary material.  *See Mohammed v. Gonzalez*, 400 F.3d 785, 792 & n.8 (9th Cir. 2005); 8 C.F.R. §§ 1003.2(b)(1), (c).  Moreover, the motion failed to identify any error of fact or law in the BIA's prior decision denying reopening.  8 U.S.C. § 1229a(c)(6)(C).

**PETITIONS FOR REVIEW DENIED.**